58

**Christopher GLYNN, Plaintiff–Appellant,**

v.

**COUNTY OF SUFFOLK, Police Department, County of Suffolk, John C. Gallagher, As Commissioner, Suffolk County Police Department and Individually, Robert Colwell, As Lieutenant, Suffolk County Police Department and Individually, Robert Kearon, As Deputy Commissioner, Suffolk County Police Department and Individually, Defendants–Appellees.**

Docket No. 02–7354.

United States Court of Appeals, Second Circuit.

Nov. 7, 2002.

Lewis Wasserman, Wasserman Steen, LLP, Patchogue, N.Y. (Pamela L. Steen, on the brief), for Appellant.

Jeltje DeJonge, Assistant County Attorney, Hauppauge, N.Y. (Robert J. Cimino, Suffolk County Attorney, on the brief), for Appellee.

Present FEINBERG, JACOBS and SACK, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **VACATED AND REMANDED.**

Christopher Glynn appeals from a February 26, 2002 judgment, which granted the defendants' motion for summary judgment on Glynn's claims under the Americans with Disabilities Act, the Rehabilitation Act, and 42 U.S.C. § 1983.[1] On appeal, Glynn contends that the district court erred in determining that these claims are barred by the respective statutes of limitation.

The district court's opinion should be reconsidered in light of *National Railroad Passenger Corp. v. Morgan,* —— U.S. ——, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), which was decided after summary judgment was granted. We therefore remand for reconsideration of the judgment.

The inquiry on remand should consider whether any acts of defendants following the September 1991 alleged incident of discrimination constitute "independently discriminatory" acts, which would start "a new clock for filing charges alleging" those acts. *See id.* at ——, 122 S.Ct. at 2072.[2]

---

**1.** Glynn also sued under New York Executive Law § 296, but the district court declined to exercise supplemental jurisdiction over this claim once the federal claims were dismissed. On remand, the district court may reconsider this decision if it so chooses.

**2.** The district court is particularly directed to the following observations by the Supreme Court:

We derive several principles from ... cases [previously discussed by the Court]. First, discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed

The inquiry should focus, without limitation, on: 1) Glynn's post–1991 applications for the PSD position, particularly those made or denied after the September 1997 imposition of a vision requirement, 2) the effect, if any, of the computerization of the PSD position, and 3) additional effects, if any, of the imposition of a vision requirement.

In seeking the findings and conclusions of the district court in the first instance, we intimate no view on any issue.

For the foregoing reasons, the judgment of the district court is hereby **VACATED AND REMANDED.**

charges. Each discriminatory act starts a new clock for filing charges alleging that act.... The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim. *Morgan*, —— U.S. at ——, 122 S.Ct. at 2072.